IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Michael Cornelius,

Plaintiff,

v.

John M. McHugh, *Secretary of the Army*,

Defendant.

C/A No. 3:14-234-MGL-PJG

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff Michael Cornelius, a self-represented litigant, filed this action raising claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cornelius of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 26.) Cornelius filed a response in opposition to the defendant's motion (ECF No. 29), and the defendant replied (ECF No. 35).[1] Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion for summary judgment should be granted.

[1] Also pending before the court are Cornelius's motion for a hearing (ECF No. 30) and motion for reconsideration (ECF No. 40) of the court's prior order in this case (ECF No. 38) denying Cornelius's motion for sanctions against the defendant. Those motions are hereby denied.



PJG

**BACKGROUND**

The following facts are either undisputed or taken in the light most favorable to Cornelius to the extent they find support in the record. (See generally Compl. at 1-6, ECF No. 1 at 1-6.) Cornelius became employed by the School Age Services Division at the Imboden School ("School") on February 28, 2008.[2] Cornelius received an unsealed envelope from a School employee, Juanita Jackson, on February 5, 2013, which contained a memorandum regarding criminal background checks and information about Cornelius's medical condition. This memorandum was signed by Rose Edmond, the School's Chief, with a copy to the School's Director, Sandra Madera. Cornelius received a second unsealed envelope on May 7, 2013 from his first line supervisor, Jana Chisolm. This envelope also contained a memorandum containing information relating to a background check and directed Cornelius to respond in writing to the following matters: (1) citations on the Fort Jackson Military Installation; (2) credit report; (3) employment record; (4) employment application; (5) prior employment history; and (6) medical condition. Chisolm included another copy of the May 2013 memorandum for purposes of documenting Cornelius's acknowledgment and receipt of the information.

Cornelius visited Myna Wells, the non-appropriated fund ("NAF") Human Resources Officer, on May 9, 2013. Cornelius requested documents from his "personal record file," which were allegedly needed to draft a response to the May 2013 memorandum; however, Wells did not release the requested documents. Cornelius submitted a response to the May 2013 memorandum on May 16, 2013 and indicates that he attached a complaint to that response pertaining to the

---

[2] Cornelius was initially hired as a part-time maintenance worker for the School, which is a non-appropriated fund instrumentality located at Fort Jackson, a training center for the United States Army. (See Cornelius Dep. at 33, ECF No. 25-2 at 9.) Cornelius became a full-time employee in February of 2009, subjecting him to the requirement of background checks. (Id.)





defendant's release of personal identifying information. Cornelius filed a complaint with the Department of Defense on June 11, 2013, but failed to receive a timely response. Cornelius alleges that he suffered anxiety, embarrassment, and humiliation as a result of the defendant's actions.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex





Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Cornelius's Claims**

**1. Disclosure of Privacy Act Information**

Under the Privacy Act, an individual may bring an action against a federal agency for damages if the agency intentionally and willfully fails to maintain the individual's records in an appropriate manner. See 5 U.S.C. § 552a(g)(1)(C), (4). To establish a "willful or intentional violation of the Act," a plaintiff must show violations that are "grossly negligent, committed with flagrant disregard of the Plaintiff's rights, and without grounds for believing the disclosures to be unlawful." Walker v. Gambrell, 647 F. Supp. 2d 529, 538 (D. Md. 2009) (citing Scrimgeour v. Internal Revenue, 149 F.3d 318, 326 (4th Cir. 1998)). "Gross negligence is an extreme departure from the standard of ordinary care . . . . [and] evidence of negligence is not sufficient to show that the agency acted willfully or intentionally." Id. (internal quotation marks and citations omitted).

With regard to disclosure of information, the Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties . . . ." 5 U.S.C. § 552a(b)(1).





As argued by the defendant, Cornelius does not challenge the requirement of the background checks related to his employment, or the results thereof (Cornelius Dep. at 46, ECF No. 25-2 at 18), and the defendant provides ample support for the collection of the background check information for Cornelius. (See Jan. 19, 1993 Dep't of Def. Instruction No. 1402.5, ECF No. 25-3 at 1-37; July 15, 1997Army Regulation 608-10, ECF No. 25-4 at 1-4; Sept. 17, 2001Army Cmty. and Family Support Ctr. Memo., ECF No. 25-5 at 1-21; Aug. 29, 2003 Army Regulation 215-3, ECF No. 25-6 at 1-6.) Moreover, the record reflects that Cornelius authorized the defendant's investigation of his background. (See Cornelius Dep. at 33, 35, 44-45, ECF No. 25-2 at 9, 11, 16-17; see also USOPM Certification of Investigation, ECF No. 25-10 at 20, Authorization for Disclosure of Medical and Dental Information at 1, ECF No. 25-13 at 1, CYSS Non Appropriated Funds Background Clearance Form at 1, ECF No. 25-19 at 1.)

Instead, Cornelius alleges that information from the background checks was insufficiently safeguarded and improperly disclosed in violation of the Privacy Act. However, the defendant asserts that Cornelius fails to show an improper disclosure of the February and May 2013 memoranda and further fails to demonstrate any intentional or willful disclosure of his personal information by the defendant. (Def.'s Mot. Summ. J. at 16-20, ECF No. 25-1 at 16-20.) Cornelius's response in opposition, which does not address the defendant's arguments, asserts that he cannot properly respond to, or defend against, the defendant's motion for summary judgment because the defendant failed to adhere to scheduling order requirements.[3] (Pl.'s Resp. Opp'n Summ. J. at 1-3, ECF No. 29 at 1-3.)

---

[3] As noted by the defendant, Cornelius previously raised his complaints regarding the defendant's alleged discovery violations in a previous motion for sanctions (ECF No. 31), which the court denied (ECF No. 38.) (See Def.'s Reply at 1, ECF No. 35 at 1.)





In support of his motion for summary judgment, the defendant provides declarations from the individuals who handled the February and May 2013 memoranda. In regard to the February 2013 memorandum, NAF Human Resource Officer Myrna Wells indicates that she received notification from Moncrief Army Hospital that a temporary restriction had been placed on Cornelius's ability to operate a work vehicle due to his being prescribed medication that could cause drowsiness and disorientation. (Wells Decl. at 2-3, ECF No. 25-26 at 2-3.) Wells sent the form with this information to Emily Murphy, Acting Coordinator for the School. (Id.) Acting on behalf of Coordinator Rose Edmond, who had been temporarily assigned to another facility, Murphy signed a memorandum, dated February 4, 2013, to notify Cornelius of the negative information and allow him an opportunity to challenge its accuracy and completeness. (Murphy Decl. at 1-2, ECF No. 25-27 at 1-2.) A member of the School's management team delivered the memorandum to Cornelius's second level supervisor, Director Sandra Madera. (Madera Decl. at 1-2, ECF No. 25-28 at 1-2.) Madera indicates that she received the document in an interdepartmental envelope and placed it into a white envelope addressed to Cornelius. (Id. at 2.) Madera gave the white envelope to Supervisory Program Specialist Juanita Jackson for delivery to Cornelius. (Id.) Madera stated that she did not discuss the contents of the envelope with Jackson. (Id.) Jackson delivered the envelope to Cornelius on February 5, 2013 and declared that she did not open the envelope or view its contents. (Jackson Decl. at 1-2, ECF No. 25-29 at 1-2.)

The May 2013 memorandum resulted from information received by the NAF Human Resources Office from the Office of the Provost Marshal indicating that Cornelius had been cited for three traffic violations. (Mar. 25, 2013Provost Marshal Memo. at 1, ECF No. 25-20 at 1.) Coordinator Rose Edmond indicates that she received the information on May 3, 2013 and minor corrections were made to the notification letter by Program Operations Specialist Emily Murphy.



PJG

(Edmond Decl. at 1-2, ECF No. 25-30 at 1-2.) Edmond then prepared a memorandum, dated May 6, 2013 and addressed to Cornelius, to advise him of the adverse information and allow an opportunity for response. (Id.) Training Program Specialist Bertha White picked up the May 2013 memorandum, which was in an envelope with Cornelius's name on the outside. (White Decl. at 1, ECF No. 25-32 at 1.) White declared that she gave the letter to Jana Chisolm without opening the envelope or viewing its contents. (Id.) Chisolm, who is Cornelius's front line supervisor, presented the letter to him on May 7, 2013 and asked him to sign for it to acknowledge receipt. (Chisolm Decl. at 1-2, ECF No. 25-31 at 1-2.) Cornelius accepted the copy of the May 2013 memorandum, but refused to sign for it. (Id.)

Upon review of the record in this case, the court finds that Cornelius fails to forecast evidence showing an unauthorized disclosure of his background check information contained in the February and May 2013 memoranda, or any other intentional or willful disclosure of his personal information by the defendant in violation of the Privacy Act. The defendant has provided ample support for his contention that the parties alleged to have handled the February and May 2013 memoranda are "officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1). Further, the defendant established, and Cornelius does not dispute, that Cornelius's job duties included the transportation of children and the memoranda contained information regarding his ability to safely operate a vehicle. (See Army NAF Standardized Position Description at 2, ECF No. 25-7 at 2; Jan. 1, 2013 DA Form 4254 at 1, ECF No. 25-8 at 1; Mar. 25, 2013 Office of the Provost Marshal Memo. at 1, ECF No. 25-20 at 1.)

Cornelius's response in opposition fails to refute the defendant's showing that the individuals who had access to the February and May memoranda had need of such information in the





performance of their duties, as authorized by the Privacy Act. See 5 U.S.C. § 552a(b)(1). Moreover, Cornelius has presented no evidence to show that his background check information was disclosed to any person who did not have such a need.[4] Thus, Cornelius cannot demonstrate any intentional, willful, or flagrant disclosure of his personal information in violation of the Privacy Act by the defendant. Scrimgeour, 149 F.3d at 326. Accordingly, the court concludes that no reasonable fact finder could conclude that Cornelius's rights under the Privacy Act were violated in relation to the disclosure of information in the February and May 2013 memoranda. As such, the defendant is entitled to summary judgment on Cornelius's improper disclosure claims.[5]

**2. Denial of Access to Records under the Privacy Act and Denial of Information under FOIA**

The Privacy Act requires access to records. See 5 U.S.C. §552a(d)(1). "To prove an access violation, [the plaintiff] must show (1) that a request for records was made; (2) that the request was denied; and (3) that such denial or failure to act was improper under the Privacy Act." Biondo v.

[4] The court notes that Cornelius's deposition indicates that Bertha White is not in Cornelius's chain of command. (Cornelius Dep. at 46, ECF No. 25-2 at 18.) However, Cornelius does not dispute that White is a member of the School's management team, or White's declaration that she did not view the contents of the May 2013 memorandum. (See White Decl. at 1, ECF No. 25-32 at 1.)

[5] The court notes that Cornelius included his claims regarding the February 2013 memorandum in a Amended Complaint filed with the Equal Employment Office ("EEO") on March 13, 3013. (See Cornelius Dep. at 40, ECF No. 25-2 at 13; see also Mar. 13, 2013 EEO Letter at 1, ECF No. 25-18 at 1.) It is undisputed that Cornelius entered into a Negotiated Settlement Agreement with the defendant pertaining to the March 13, 2013 EEO Amended Complaint. (See Cornelius Dep. at 41-42, ECF No. 25-2 at 14-15, see also Negotiated Settlement Agreement at 1-3, ECF No. 25-21 at 1-3.) Under the terms of the Negotiated Settlement Agreement Cornelius agreed to "waive his right to pursue administrative or judicial action in any forum concerning the matters raised" in the EEO Complaint. (See Negotiated Settlement Agreement at 2, ECF No. 25-21 at 2.) Therefore, as argued by the defendant, even if Cornelius could show a Privacy Act violation associated with the February 2013 memorandum, he is barred from raising claims associated with it in this civil action. See Rock v. McHugh, 819 F. Supp 2d 456, 467-68 (D. Md. 2011) (holding a plaintiff's claims "indisputably barred" where he entered a negotiated settlement agreement).





Dep't of Navy, 928 F. Supp. 626, 631 (D.S.C. 1995) (citations omitted). Similarly, FOIA "requires federal agencies to disclose information upon request unless . . . the information is 'specifically exempted from disclosure by statute.' " Dep't of Homeland Sec. v. Maclean, 135 S. Ct. 913, 922 (2015) (citing 5 U.S.C. §552(b)(3)). "[T]he elements of a FOIA claim are (1) improperly (2) withheld (3) agency records." Antonelli v. Fed. Bureau of Prisons, 591 F. Supp. 2d 15, 24 (D.D.C. 2008). Both the Privacy Act and FOIA authorize government agencies to promulgate rules regulating the process by which individuals may request records. See 5 U.S.C. § 552a(f)(3); see also 5 U.S.C. § 552(a)(3)(A).

Cornelius alleges that the defendant denied access to, or failed to release, records in violation of the Privacy Act and FOIA. (Compl. at 3-4, ECF No. 1 at 3-4.) The defendant asserts that he is entitled to summary judgment on such claims because Cornelius has not shown a denial of access under the Privacy Act and has not demonstrated the submission of a proper request for information under FOIA. (Def.'s Mot. Summ. J. at 14-16, ECF No. 25-1 at 14-16.) In support of his motion, the defendant provides a copy of the Department of the Army Freedom of Information Act Program, which indicates that a request under FOIA must be in writing. (See Nov. 1, 1997 Army Regulation 25-55, ECF No. 25-25 at 9.) The defendant also provides a copy of the Army Privacy Program which states that, under the Privacy Act, an individual "will be granted access to a record pertaining to that individual" upon "a written or oral request." (See July 5, 1985 Army Regulation 340-21 at 2; ECF No. 25-24 at 6.) The defendant further submits a declaration from NAF Human Resources Officer Myrna Wells, who stated that Cornelius expressed interest in obtaining a copy of an investigation by the Office of Personnel Management ("OPM") during a meeting on May 9, 2013. (Wells Decl. at 2, ECF No. 25-26 at 2.) Wells declared that she offered Cornelius an opportunity to review the OPM investigation on that date, but could not provide him a copy of the document

because it belonged to another federal agency. (Id.) Wells stated that Cornelius ignored the offer to review the document. (Id.)

Cornelius's response in opposition does not address the defendant's assertion that Cornelius fails to show a denial of access to information under FOIA or the Privacy Act. (Pl.'s Resp. Opp'n Summ. J. at 1-3, ECF No. 29 at 1-3.) As discussed above, both the Privacy Act and FOIA allow an agency to promulgate rules regulating the process by which individuals may request records, see 5 U.S.C. § 552a(f)(3); see also 5 U.S.C. § 552(b)(3)(A), and the Department of the Army requires a written request for information sought pursuant to FOIA. In this case, Cornelius has presented no evidence to show that he submitted any written request to the defendant for information pursuant to FOIA. Moreover, while the Army allows a request for information under the Privacy Act to be made verbally or in writing, the defendant provides evidence that Wells offered Cornelius an opportunity to review the OPM investigation during the May 9, 2013 meeting. Cornelius does not dispute the defendant's contention that Wells provided access to the OPM investigation in accordance with the Privacy Act. Accordingly, the court concludes that no reasonable fact finder could determine that the defendant denied Cornelius access to records in violation of the Privacy Act or denied the release of records to Cornelius in violation of FOIA. Therefore, the defendant's motion for summary judgment should be granted as to those claims.[6]

---

[6] The defendant notes that Cornelius has failed to allege any economic damages in this case. (See Def.'s Mot. Summ. J. at 1, ECF No. 25-1 at 1; see also Cornelius Dep. at 28, ECF No. 25-2 at 7.) The Privacy Act only exposes a federal agency to liability for "actual damages," 5 U.S.C. § 552a(g)(4)(a), which the United States Supreme Court has limited to "proven pecuniary or economic harm." F.A.A. v. Cooper, 132 S. Ct. 1441, 1453, 1456 (2012) ("[T]he Privacy Act does not unequivocally authorize the award of damages for mental or emotional distress . . . . [and] does not waive the Federal Government's sovereign immunity from liability for such harms." As Cornelius only alleges emotional harm in this case, his Privacy Act claims fail as a matter of law.



PJG

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted. (ECF No. 25.) The court further recommends that Cornelius's motion for a hearing (ECF No. 30) and motion for reconsideration (ECF No. 40) be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).